FILED
CHARLOTTE, NC

SEP 16 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO. 3:26-cr-210-MEO** |
| | ) | |
| | ) | **BILL OF INDICTMENT** |
| **v.** | ) | |
| | ) | **Violations: 21 U.S.C. § 841(a)(1)** |
| | ) | **21 U.S.C. § 846** |
| | ) | **18 U.S.C. § 924(c)** |
| | ) | |
| **BILAL MUSTAFA HATIM** | ) | |
| | ) | |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
*(Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine)*

From in or around March of 2026 and continuing until on or about June 1, 2026, in Mecklenburg County and elsewhere, within the Western District of North Carolina, the defendant,

**BILAL MUSTAFA HATIM,**

did knowingly and intentionally combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to distribute and to possess with intent to distribute fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

**COUNT TWO**
*(Distribution of Methamphetamine)*

On or about May 13, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**BILAL MUSTAFA HATIM,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**COUNT THREE**
*(Distribution of Methamphetamine)*

On or about May 25, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**BILAL MUSTAFA HATIM,**

did knowingly and intentionally distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**COUNT FOUR**
*(Possession with the Intent to Distribute Methamphetamine)*

On or about June 1, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**BILAL MUSTAFA HATIM,**

did knowingly and intentionally possess with the intent to distribute a controlled substance, that is, five (5) grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

**COUNT FIVE**
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about June 1, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**BILAL MUSTAFA HATIM,**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute a controlled substance, a violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Four in this Bill of Indictment, incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The following property is subject to forfeiture in accordance with Section 853, 924, and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All property used or intended to be used in any manner or part to commit or facilitate such violations;

c. All firearms or ammunition involved or used in such violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property seized on during the investigation is subject to forfeiture on one or more of the grounds stated above:

a. $561.00 seized on or about June 1, 2026.
b. One Rock Island .38 special revolver seized on or about June 1, 2026.

A TRUE BILL

[redacted]

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

ERIK LINDAHL
ASSISTANT UNITED STATES ATTORNEY